# EXHIBIT 1

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

DOCTORS' ADMINISTRATIVE
SOLUTIONS, LLC,

      Plaintiff,

vs.

ALLSCRIPTS HEALTHCARE SOLUTIONS,
INC. n/k/a ALLSCRIPTS-MISYS HEALTHCARE
SOLUTIONS, INC.,

      Defendant.

_____/

**09 10446**

Case No.: _____
Division: _____

DIVISION

## VERIFIED COMPLAINT

Plaintiff, Doctors' Administrative Solutions, LLC ("DAS"), a Florida limited

liability corporation, hereby files its Verified Complaint against Allscripts Healthcare

Solutions, Inc. n/k/a Allscripts-Misys Healthcare Solutions, Inc. ("Allscripts") for

equitable relief and damages, and in support hereof, states as follows:

APR  2 2009

    A.     **Parties, Jurisdiction and Venue**

   1.    DAS is a Florida limited liability company with its principal place of

business in Hillsborough County, Florida.

   2.    Defendant Allscripts is a foreign corporation, authorized to do business in

Florida, with an office in this State located at 498 Palm Springs Drive, #46 in Altamonte

Springs, Florida 32701. Allscripts has an agent for service of process in the State of

Florida located at NRAI Services, Inc., 2731 Executive Park Drive, Suite 4, Weston,

Florida 33331.

\375836\1 - #.1641665 v1

3. With respect to the causes of action set forth in this Verified Complaint, this is an action for the following:

a. damages in excess of $15,000, exclusive of interest, attorneys' fees and costs, based upon actions, conditions, circumstances, and/or contracts executed and enforceable in Hillsborough County, Florida;

b. statutory relief with respect to conduct occurring in, or contracts executed and/or breached in, Hillsborough County, Florida;

c. equitable remedies relating to certain activity occurring as a matter of law in Hillsborough County, Florida; and

d. declaratory relief pursuant to Chapter 86, *Florida Statutes*.

4. This Court properly possesses jurisdiction over this cause and this Defendant pursuant to Florida Statutes § 26.012(2)(a), the applicable contracts, and other applicable law. Specifically, the Agreements specifically provide that jurisdiction and venue for all disputes is to be Hillsborough County, Florida.

5. With respect to the causes of action set forth in this Verified Complaint, this action is properly brought before this Court pursuant to Florida Statutes §§ 47.011. 47.031, 47.041, and other applicable law.

**B.    Common Allegations**

6. DAS is a limited liability company engaged in the business of providing technology-based solutions, including as a value added reseller, for physician practices throughout Florida and the United States.

7. Allscripts is a corporation engaged in the business of providing software, services, information and connectivity solutions that, according to Allscripts, empower

physicians and other healthcare providers to deliver best-in-class patient safety, clinical outcomes and financial results.

8.     Allscripts relies on partnerships with companies like DAS to act as resellers to market, sell and provide first-line support for its products throughout its territories.

## C.     Allegations Relating to the Agreements

9.     Beginning in or around July 2008, Allscripts, or its agents or representatives, entered into discussions with DAS to induce DAS to become the reseller of certain Software products, including Allscripts' Professional Suite and e-Prescribe / eRX, as well as all substitute products (the "Products") within the territory of Tampa and the surrounding ninety-mile radius (the "Territory").

10.     DAS was chosen by Allscripts based on DAS's reputation in Tampa and the surrounding areas.

11.     Specifically, Allscripts made representations that DAS reasonably relied upon that induced DAS to enter into Agreements with Allscripts.

12.     On or about September 30, 2008, DAS and Allscripts entered into an agreement pursuant to which software was licensed and services were to be provided to DAS.     A true and correct copy of Agreement is not attached hereto based on the Confidentiality provisions of the Agreement.   However, DAS has contemporaneously filed a Motion to permit an Amended Complaint with Exhibits to be filed under seal.

13.     The Agreement was amended on September 30, 2008, by an Addendum, and Exhibit F.   True and correct copies of the Addendum and Exhibit F are not attached hereto based on the Confidentiality provisions of the Agreements.   However, DAS has contemporaneously filed a Motion to permit an Amended Complaint with Exhibits to be

\375836\1 - # 164)665 v1

filed under seal. Collectively, all documents constituting the entire agreement of DAS and Allscripts will be referred to as "the Agreements."

14.    Pursuant to the Agreements, DAS acquired certain rights, and Allscripts agreed to provide certain services and benefits to DAS more specifically enumerated in the Agreements.

15.    The value of the Agreements to DAS was substantial, and Allscripts has specifically represented that DAS would likely earn $5,000,000.00 - $10,000,000.00 in profits over the term of the Agreements.

16.    Based on the Agreements and representations made by Allscripts and/or its predecessor-in-interest, DAS formed relationships with numerous customers that provided value to Allscripts. Based on the Agreements and representations of Allscripts, DAS made certain representations to those customers.

17.    At all times relevant, DAS performed all its required duties pursuant to the Agreements.

18.    Allscripts has not ever provided DAS notice of any alleged breaches by DAS of the Agreements, or an opportunity to cure any alleged breaches.

19.    Allscripts has unilaterally breached the Agreements by, among other ways, cutting off all services and benefits to DAS that were to be provided pursuant to the Agreements.

20.    Allscripts admitted to its unilateral termination of the Agreements without merit or cause. On February 9, 2009, Allscripts provided DAS with notice that it unilaterally considered the Agreements to be terminated. A true and correct copy of the February 9, 2009 letter is not attached hereto based on the Confidentiality provisions of

the Agreement.   However, DAS has contemporaneously filed a Motion to permit an Amended Complaint with Exhibits to be filed under seal.

21.   Upon information and belief, Allscripts has now acquired, merged with, or been acquired by Misys Healthcare Systems, LLC.

22.   Upon information and belief, Allscripts also excluded DAS from standard conference calls for all value added resellers of their products which has substantially harmed DAS' ability to service its customers.

23.   All conditions precedent necessary to this action have been satisfied, and all other conditions precedent will be satisfied.

24.   As a result of the actions of Allscripts, DAS has hired the law firm of GrayRobinson, P.A. to represent it in this action and has agreed to pay them a reasonable rate for their services related to this action.

25.   Pursuant to the Agreements, due to Allscripts breaches of the Agreements, Allscripts is responsible for all costs and fees of pursuing this action.

26.   The omission of causes of action from this Verified Complaint at this time should not be considered a waiver: it is being asserted that DAS is preserving all rights and remedies available pursuant to the Agreements, relevant statutes, and case law, pending completion of its investigation.

## COUNT I – BREACH OF WARRANTY

27.   This is a civil action for breach of warranty.

28.   DAS hereby incorporates by reference the allegations contained in paragraphs one through twenty-six (1-26) as if fully set forth herein.

29.   Pursuant to the Agreements, Allscripts and/or its predecessor-in-interest made certain warranties to DAS.

375836\1 - # 1641665 v1

30.    Based on the warranties and representations made by to DAS, DAS entered into the Agreements, sold Allscripts' Products to third parties, and made certain representations regarding the Products.

31.    However, Allscripts has breached those warranties, which failure has caused harm to DAS and DAS clients.

32.    Allscripts has failed to remedy these failures.

33.    DAS has been damaged by these breaches of warranty because the breaches have damaged DAS' reputation in the Territory, and have caused DAS damages relating to the time and expense DAS has taken to attempt remedy the breaches and harm caused to DAS' and Allscripts' customers.

WHEREFORE, DAS requests judgment for damages against Allscripts for its breaches of warranty, together with pre-judgment and post-judgment interest, court costs, and related expenses, including its reasonable attorneys' fees pursuant to its agreements with Allscripts, together with any and all additional relief to DAS deemed just and proper by this Court. DAS further demands trial by jury on all issues so triable.

## COUNT II - BREACH OF CONTRACT - DAMAGES

34.    This is an action for contract damages by DAS against Allscripts based on its breach of the Agreements.

35.    DAS hereby incorporates by reference the allegations contained in paragraphs one through twenty-six (1-26) as if fully set forth herein.

36.    Allscripts has breached and/or intends to breach the Agreements as more fully set forth above.

37.     As a result of Allscripts' breaches of the Agreements, DAS has suffered and will continue to suffer damages, including, but not limited to, loss of profits, loss of business, and increased expenses.

WHEREFORE, DAS respectfully requests that this Court enter judgment in favor of DAS and against Allscripts for damages, interest and attorneys' fees and costs pursuant to the Agreements, and award DAS such further relief as the Court deems appropriate. DAS further demands trial by jury on all issues so triable.

## COUNT III – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

38.     This is an action for damages by DAS and against Allscripts based upon Allscripts' tortious interference with DAS's prospective business relationships.

39.     DAS hereby incorporates by reference the allegations contained in paragraphs one through twenty-six (1-26) as if fully set forth herein.

40.     Allscripts was aware and has actually interfered with the DAS' existing or reasonably expected relationships with third parties, including physician's practice groups, within the Territory.

41.     Those relationships were likely to provide future economic benefits to DAS.

42.     As evidenced by the letter dated February 9, 2009, as well as Allscripts' actions, Allscripts intended to interfere with these relationships with the intent to harm DAS.

43.     Allscripts' interfering conduct was not justified or privileged.

44.     As a result of Allscripts' interference with DAS' prospective business relationships, DAS has been damaged by losing customers, profits, and loss to its reputation in the Territory, and continues to be damaged.

WHEREFORE, DAS respectfully requests this Court enter a judgment for damages against Allscripts, together with pre-judgment and post-judgment interest, court costs, and related expenses, together with any and all additional relief to DAS deemed just and proper by this Court.

## COUNT IV - BREACH OF CONTRACT
## INJUNCTIVE RELIEF

45.    This is an action for injunctive relief, including performance of the Agreements.

46.    DAS hereby incorporates by reference the allegations contained in paragraphs one through twenty-six (1-26) as if fully set forth herein.

47.    Specifically, this is an action to require Allscripts to abide by the Agreements, and to enjoin Allscripts' competition with DAS in the Territory.

48.    By treading on DAS' reputation in the Territory, Allscripts is damaging DAS' reputation and goodwill in the Territory, and DAS is likely to be irreparably harmed by these actions.

49.    In addition, Allcripts, by breaching the Agreements, is causing harm to DAS and its customers, which in turn is causing DAS' reputation to be harmed.

50.    DAS has put substantial time and effort into positioning itself as one of the top healthcare software service providers and resellers within the Territory, and by breaching the Agreements, and competing with DAS, Allscripts has damaged DAS.

51.    The damage to DAS' reputation in the community cannot be adequately remedied by monetary damages.

52.    In addition, DAS cannot be adequately compensated by law for Allscripts' breaches because the exact value of the Agreements is unknown or difficult to ascertain, although the potential damages exceed $5,000,000.00-$10,000,000.00.

\375836\1 -# 1641665 v1

53.   DAS has a likelihood of succeeding in its claims against Allscripts, especially considering Allscripts' unilateral breach of the Agreements, and competing with DAS in the Territory.

54.   The potential injury to DAS to its reputation greatly exceeds any possible harm to Allscripts.

55.   Granting an injunction under these circumstances will not disserve the public interest.

WHEREFORE, for the foregoing reasons, DAS respectfully requests that this Court enter an Order enjoining Allscripts from competing with DAS in the Territory, and requiring Allscripts to abide by the Terms of the Agreements.   DAS also requests such other and further relief as this Court deems just and proper under the circumstances. DAS further demands trial by jury on all issues so triable.

Dated this __22nd__ day of April, 2009.


CHRISTINE A. DONOGHUE, ESQUIRE
Florida Bar No. 0519571
BRENT C.J. BRITTON
Florida Bar No. 0012940
GRAY ROBINSON, P.A.
201 N. Franklin Street, Suite 2200
Tampa, FL 33601-3324
Telephone: (813) 273-5066
Telecopier: (813) 221-4113
Attorneys for Doctors' Administrative Solutions,
LLC

375836\1 - # 1041665 v1

## VERIFICATION

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

I, David Schlaifer, President and Chief Executive Officer of Doctors' Administrative Solutions, LLC, hereby declare under penalty of perjury under the laws of the United States that the matters alleged in Counts I through IV of the Verified Complaint are true and correct, provided that this declaration does not extend to paragraphs containing analysis of Florida law governing the merits of the Verified Complaint about which I am unqualified to opine because I am not an active member of The Florida Bar.

**David Schlaifer**
President and Chief Executive Officer
Doctors' Administrative Solutions, LLC

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me, this __21st__ day of April, 2009, by David Schlaifer, President and Chief Executive Officer of Doctors' Administrative Solutions, LLC. Mr. Schlaifer is personally known to me, or produced the following as identification: _Florida driver's license_ .

Print Name
Notary Public, State at Large
(commission number and expiration date)

\375836\1 - # 1641697 v1