# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DOCTORS' ADMINISTRATIVE
SOLUTIONS, LLC,**

      **Plaintiff,**

**v.**                                 **Case No.  8:09-cv-989-T-30AEP**

**ALLSCRIPTS, LLC,**

      **Defendants.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff Doctors' Administrative Solutions, LLC's ("DAS") Motion for Partial Summary Judgment (Dkt. S-4), Defendants Allscripts, LLC's Motion for Partial Summary Judgment (Dkt. S-6), and the responses in opposition filed by each party.  A hearing was held on March 8, 2011, during which the motions were discussed.  As stated on the record at the hearing, the majority of issues raised by the motions concern issues of fact which preclude summary judgment.  However, there is one issue related to DAS's claim for breach of warranty which may be resolved on summary judgment.  Therefore, upon consideration, the Court concludes that Allscripts' motion should be granted in part.

### Background

This action arises out of business and contractual disputes between DAS and Allscripts.  Allscripts is a developer and provider of healthcare related software.  DAS sells

"technology based solutions, including as a value added reseller, for physician practices throughout Florida and the United States."  (Dkt. 2, ¶ 6).

Between November 2003 and July 2008, DAS entered into a series of contracts with Misys, which subsequently merged into Allscripts, for DAS to become a reseller of certain software products.  On September 30, 2008, DAS and Allscripts entered into a separate reseller agreement.  Among the provisions in the Allscripts Agreement was a consolidation clause, which provided if Allscripts was acquired by or merged with any other company with which DAS had existing agreements, the parties would use their best efforts to timely consolidate such agreements on terms most favorable to DAS.  In October 2008, Allscripts merged with Misys.

In its complaint, DAS has alleged that Allscripts unilaterally breached the agreements by, among other things, failing to consolidate the agreements as required and cutting off all services and benefits to DAS provided for by the agreements.  DAS also brings claims for declaratory relief, breach of warranty, tortious interference with business relationships, and injunctive relief.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an

otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

**Discussion**

Allscripts moves for partial summary judgment on two issues concerning DAS's claim for breach of warranty.  First, Allscripts argues any warranty recovery by DAS should be limited to sales made pursuant to the Allscripts Agreement.  Second, the relief available should be limited by the express warranty limitation language in the contract.

In Count 2, DAS alleges a breach of warranty "pursuant to Section 4 of the [Allscripts] Agreement," which is the warranty provision of that agreement.  Dkt. S-3, ¶ 73.  DAS further alleges that it sold certain products to third parties.  DAS represented to those third parties that the products would function in accordance with the functional descriptions and that Allscripts would provide technical support and maintenance, as provided for in Section 4 of the Allscripts Agreement.  Dkt. S-3, ¶ 75.  DAS claims Allscripts failed to satisfy these representations and failed to remedy the failures.  As DAS specifically brings the breach of warranty claim under section 4 of the Allscripts Agreement, it cannot recover for sales of products made prior to September 30, 2008, the date on which the Allscripts agreement was signed and a consolidated agreement would not create new obligations for prior sales.

In addition, Section 4.1 of the Allscripts Agreement provides in part:

> Allscripts' sole obligation under its warranty is to repair or replace any software component that fails to perform in accordance with the functional descriptions of the software contained in the User Guide.

Dkt. S-3, Ex. B.  Under this provision, relief for breach of warranty is explicitly limited to repair and replacement of the defective software.  DAS is not entitled to any other relief for

its breach of warranty claim.  Issues of fact remain as to whether any sales were made under the Allscripts Agreement and whether there were any breaches of the warranty provision in that Agreement.

It is therefore ORDERED AND ADJUDGED that:

1.      Allscripts, LLC's Motion for Partial Summary Judgment (Dkt. S-6) is GRANTED in part as set forth above.

2.      DAS's Motion for Partial Summary Judgment (Dkt. S-4) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-989..msjs.frm